IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **TIRAY ONLEY #412-568** | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | |
| | : | **CASE NO.: GJH 15-595** |
| **WEXFORD HEALTH SOURCES, INC.** | : | |
| et al. | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OF LAW

Defendant Wexford Health Sources, Inc. ("Wexford"), by its counsel, Joseph B. Chazen, Gina M. Smith, Christopher M. Balaban and Meyers, Rodbell & Rosenbaum, P.A., hereby submits the following Memorandum of Law in support of its Motion to Dismiss.

### I. INTRODUCTION

On March 2, 2015, Plaintiff, *pro se*, filed the Complaint in the above-referenced matter for deliberate indifference to his medical needs under 42 U.S.C. § 1983 against Wexford. ECF No. 1. Specifically, Plaintiff alleges that he received improper follow-up care for a shoulder injury. Id. Plaintiff further alleges that he was improperly returned to work duty by prison correctional officers causing further injury to his shoulder. Id. Plaintiff seeks an unspecified amount in compensatory damages. Id.

On March 9, 2015, the Court Ordered Plaintiff to Amend his Complaint to add as Defendants the specific individuals that allegedly violated Plaintiff's Constitutional rights. ECF No. 3.

On March 17, 2015, Plaintiff, pursuant to the Court's Order of March 9, 2015, sent a correspondence to the Court naming as Defendants "Nurse Katrina", "Nurse

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{111178.DOC}

Manager Jen", "Officer Ning", "Officer Duvall", "Major Sample", and "Captain Green". ECF No. 5. Plaintiff, in his correspondence, did not add or supplement his allegations against Wexford. Id.

## II. LEGAL STANDARDS

In review of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), plaintiff's well-pleaded material facts may be taken as admitted, but not plaintiff's legal conclusions. Kugler v. Helfant, 421 U.S. 117, (1975). Dismissal of a complaint is appropriate when it appears to a reasonable certainty that the plaintiff is not entitled to relief under any statement of facts which could be proven in support of his claim. Wilson v. Civil Town of Clayton, 839 F.2d 375 (7th Cir. 1988). Therefore, when it is clear, as in the above-captioned Complaint, that a plaintiff can prove no set of facts which would entitle him to relief, the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Since there are no facts in this matter which would indicate a claim for violation of Plaintiff's civil rights under 42 U.S.C. § 1983, Plaintiff's Complaint and amendments thereto must be dismissed for failing to state a claim upon which relief can be granted.

## III. ARGUMENT

### A. Plaintiff Has Failed to Sufficiently Allege a Cause of Action Under 42 U.S.C. § 1983 as to Wexford.

As a threshold matter, Wexford is a corporate entity and not a "person" for purposes of 42 U.S.C. § 1983. See 42 U.S.C. § 1983. Furthermore, principles of respondeat superior do not apply to § 1983 claims. Hodgson v. Corizon Med. Staff, 2012 U.S. Dist. Lexis 103484 at 21 (No. ELH-11-3515, D. Md. July 24, 2012) (citations omitted) (The law in the Fourth Circuit is well established that the doctrine of

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{111178.DOC}

respondeat superior does not apply in § 1983 claims); See McNeill v. Wolfe, 2011 U.S. Dist. Lexis 100782 at 7 (No WDQ-10-3116, D. Md. September 7, 2011) ("A private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior." (citations omitted)).

Rather, a private corporation carrying out a governmental function, such as the delivery of medical care in a prison setting, may be sued under § 1983 for constitutional deprivations only if they result from policy, custom or practice of the entity. Monell v. New York City Dept. of Soc. Serv's., 436 U.S. 658 at 690 (1978). Accordingly, to establish a claim against Wexford for its employee's acts or omissions, Plaintiff must allege and later prove that Wexford maintained unconstitutional policies and procedures that were the motivating force behind the alleged constitutional violations of its employees. Specifically, a claim for policy or custom liability requires a plaintiff allege and prove: (1) **the existence of an official policy or custom** (2) that is fairly attributable to the defendant; and (3) **that proximately caused the underlying violation of the plaintiff's rights**. See Monell, 436 U.S. at 690; Jordan ex rel. Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994); Newbrough v. Piedmont Reg'l Jail Auth., 822 F. Supp. 2d 558, 582, (E.D. Va. 2011) (emphasis added).

It is not enough to identify a policy or custom of deliberate indifference. Rather, a plaintiff must also allege and prove that the policy or custom is attributable to the defendant and proximately caused the instant constitutional injury. Monell, 436 U.S. at 658; Carter, 164 F.3d at 218 (requiring "a close fit between the unconstitutional policy and the constitutional violation"). There must be a logical and natural connection between a policy or custom of deficient medical care and the instance of inadequate

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

3

{111178.DOC}

medical care. See Newbrough, 822 F. Supp. 2d 558, 583, (E.D. Va. 2011), see also City of Canton v. Harris, 489 U.S. 378 at 391 (1989) ("The identified deficiency . . . must be closely related to the ultimate injury."); Spell v. McDaniel, 824 F.2d 1380, 1389-91 (4th Cir. 1987); Milligan v. City of Newport News, 743 F.2d 227, 230 (4th Cir. 1984).

In short, any liability on the part of Wexford must be based on allegations that a custom and/or policy exists, the policies and customs are attributable to Wexford and that they were the motivating force for its employees' acts or omissions which inflicted the constitutional injury on the Plaintiff. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

In the instant action, Plaintiff, in his Complaint, does not allege that any policy or procedure of Wexford violated Plaintiff's constitutional rights. See generally ECF No. 1. In fact, Plaintiff's only allegations regarding allegedly unconstitutional medical are that Plaintiff was not provided proper follow-up treatment by his treating medical providers after being treated at "JRH".[1] Id. Accordingly, Plaintiff has not set forth any allegations that Wexford maintained an unconstitutional policy or procedure, let alone one that violated Plaintiff's constitutional rights causing Plaintiff injury. See Id .

In light of the foregoing, as Plaintiff has failed to allege a single policy, procedure, custom or practice of Wexford that violated Plaintiff's constitutional rights, Plaintiff's Complaint must be dismissed as to Wexford.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

---

[1] Plaintiff also alleges that he was sent back to work without medical clearance. ECF No. 1. However, this allegation cannot be attributed to Wexford as Plaintiff alleges that a correctional officer, and not a medical provider, is responsible for returning Plaintiff to work duty without ensuring Plaintiff was medically cleared. Id.

4

{111178.DOC}

## V.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed as to Defendant Wexford Health Sources, Inc.

Respectfully submitted,

**MEYERS, RODBELL & ROSENBAUM, P.A.**

By: _/s/ Joseph B. Chazen_
Joseph B. Chazen

By: _/s/ Gina M. Smith_
Gina M. Smith

By: _/s/ Christopher M. Balaban_
Christopher M. Balaban
cbalaban@mrrlaw.net
6801 Kenilworth Ave., Suite 400
Riverdale, Maryland 20737
(301) 699-5800

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{111178.DOC}