IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

TIRAY ONLEY,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
et al.,

    Defendants.

Case No.: GJH-15-595

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Tiray Onley has filed a civil rights complaint under 42 U.S.C. § 1983, seeking unspecified money damages against Wexford Health Sources, Inc. ("Wexford"), two of its employees, and four Maryland Division of Correction ("DOC") employees. Onley, a self-represented prisoner housed at the Maryland Correctional Training Center in Hagerstown, Maryland ("MCTC"), alleges that (1) prison health care providers failed to provide appropriate follow up treatment and referral to a specialist to treat a serious injury before clearing him to resume a work detail, and (2) corrections personnel sent him out on a work detail without medical clearance. As a result, Onley claims he has sustained additional injury to his right shoulder. ECF No. 1 at 3.

Pending is an unopposed[1] Motion to Dismiss filed by counsel for Defendant Wexford[2] (ECF No. 16). No hearing is needed to resolve the issues raised in the Complaint. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the dispositive motion will be GRANTED.

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk of Court on June 20, 2015, informed Plaintiff that Defendant Wexford filed a dispositive motion, that Plaintiff had seventeen days in

"'The purpose of a Rule 12(b)(6) motion [to dismiss] is to test the sufficiency of a complaint.'" *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). A Rule 12(b)(6) motion constitutes an assertion by the Defendant that, even if the facts that plaintiff alleges are true, the complaint fails, as a matter of law, "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Therefore, in considering a motion to dismiss under Rule 12(b)(6), a court must accept as true the well-pled facts in the complaint and view them in the light most favorable to the plaintiff. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

Defendant Wexford argues that the Complaint should be dismissed against it because as a corporate entity it cannot be held liable under 42 U.S.C. § 1983 solely under a respondeat superior theory. ECF No. 16-1 at 2-3. The Court agrees. *See Clark v. Md. Dep't of Pub. Safety and Corr. Servs.*, 316 F. App'x. 279, 282 (4th Cir. 2009); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982). Under § 1983, liability is imposed on any person who shall subject, or cause to be subjected, any person to the deprivation of any rights. 42 U.S.C. § 1983. The statute requires a showing of *personal* fault, whether based upon the Defendant's own conduct or another's conduct in executing the Defendant's policies or customs. *See Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *West v. Atkins*, 815 F.2d 993, 996 (4th Cir. 1987), *rev'd on other grounds*, 487 U.S. 42 (1988) (no allegation of personal involvement relevant to the claimed deprivation); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (explaining that in order for

---

which to file written opposition to the motion, and that if Plaintiff failed to respond, claims against Wexford could be dismissed without further notice. *See* ECF No. 12. Plaintiff has chosen not to respond. The Defendants' motion shall be granted on this basis as well as on the merits.

[2] The correctional Defendants' response to the Complaint is due on October 21, 2015. The individual health care providers have not been served.

an individual Defendant to be held liable pursuant to 42 U.S.C. § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights . . .").

For these reasons, the unopposed Motion to Dismiss filed on behalf of Wexford is GRANTED in a separate Order.

Dated: December 14, 2015

GEORGE J. HAZEL
United States District Judge